**The People of the State of Illinois, Defendant in Error, v. John Knash, Plaintiff in Error.**

Opinion filed February 12, 1930.

J. E. CARR, for plaintiff in error.

MARION M. HART, for defendant in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Plaintiff in error was conducting a grocery and meat market at the northwest corner of North Jefferson and East 5th Streets in West Frankfort. The store faces east on Jefferson Street, 5th Street being on the south side of the building. The building faces to the east, and the west end is used as the residence of plaintiff in error and his wife. There is a door on the south side of that part of the building used as a grocery and meat market, through which one may pass into the residence portion of the building. On January 11, 1929, the west end of the building was the residence of plaintiff in error and his wife and they had two male boarders.

On the date aforesaid two officers went to the south door and entered the meat market and then passed into the residence portion of the building. They had a search warrant and when they entered plaintiff in error was in the meat market waiting on customers. The officers went into the residence portion of the building and found the two boarders and a friend, and the friend had a small glass in his hand and a milk bottle had been knocked over on the floor and there was about a teaspoonful of white mule whisky in it. No other intoxicating liquor was found. At the time in question neither plaintiff in error nor his wife were in the residence portion of the building. Plaintiff in error testified that he had not been in there for a half hour or more and did not know anyone had liquor

there. He also says that the liquor found was not his.

The People argue that when the officers went to the side door they found it locked and that they heard plaintiff in error say something in a foreign language which they did not understand; that this was a signal to the three men in the residence portion of the building to destroy the liquor; that the door was not opened until after the bottle was knocked over and the contents spilled on the floor. We find no evidence in the record to the effect that the door was locked. Plaintiff in error testified that when he saw the two men at the south door he did not recognize them but thought they were Lithuanians and that the remark he made was that they should go to the front door. No witness pretends to say that this was not what he said. In the state of the proof we think it cannot be fairly said that the evidence shows beyond a reasonable doubt that the milk bottle in question and the contents thereof were in the possession of plaintiff in error or in his care or under his control. There is no evidence even tending to show that he had anything to do with it, nor is there anything to show that it was there with his knowledge and consent. It is more reasonable to suppose that the liquor was the property of the two boarders or that it was brought there by their friend. The mere fact that plaintiff in error occupied the premises is not sufficient to establish his guilt. The judgment is reversed.

*Reversed.*